*Decision will be entered under Rule 155.*

ESTATE OF DOROTHY T. MEYER, DECEASED, EDWARD THOMPSON MEYER, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17445–84.     Filed April 1, 1985.

*Karen Schwaller* and *Carter Bledsoe*, for the petitioner.
*Cynthia J. Mattson*, for the respondent.

OPINION

CANTREL, *Special Trial Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction and to strike as to the payment of Federal estate tax under sec. 6166, I.R.C. 1954,[1] filed on July 23, 1984. This motion was called for hearing at the motions session of the Court at Washington, D.C., on January 16, 1985.[2] Counsel for petitioners and respondent appeared and presented argument.

Respondent, in his notice of deficiency dated March 14, 1984, determined an estate tax deficiency of $1,276,569.47. This deficiency is based in part upon an increased valuation of stock in Meyer Products, Inc. Respondent also disallowed a deduction claimed under section 2053 for an administration expense for interest on Federal estate tax, payment of which petitioner elected to defer under section 6166 (alternate extension of time for payment of estate tax where estate consists largely of

---

[1] All section references are to the Internal Revenue Code of 1954 as amended.
[2] This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).

interest in closely held business). The disallowance of the interest deduction resulted in a $188,411 increase to the taxable estate.

In the estate's petition, timely filed on June 7, 1984, the estate alleged as error at paragraph 4(c) respondent's disallowance under section 2053 of "the administration expense shown on the estate tax return as interest on federal estate tax deferred under section 6166." At paragraphs 4(d) and 5(d) petitioner claims as follows:

> The Commissioner erred in determining that the decedent's estate was not entitled to an election under section 6166 of the Internal Revenue Code.

> \*  \*  \*  \*  \*  \*  \*

> As indicated Petitioner has made a timely election to defer payment of federal estate tax under section 6166 of the Internal Revenue Code. All of the statutory qualifications pertinent to the validity of such an election are met in the present case. In particular, MPI, Inc. [Meyer Products, Inc.] was carrying on a trade or business at the date of decedent's death.

Respondent filed the motion we herein consider to strike paragraphs 4(d) and 5(d) and to dismiss the portions of this case relating to the deferred payment of Federal estate tax. Respondent relies on *Estate of Sherrod v. Commissioner*, 82 T.C. 523, 536–537 (1984), where we held that the Tax Court has no jurisdiction to decide the propriety of a denial of an election to pay the estate tax in installments inasmuch as the denial is not attributable to a deficiency.[3]

We grapple with the problem of whether we have jurisdiction over an amount of tax liability owed as a result of respondent's denial of a section 6166 election.[4] No other case that we have found deals with this precise issue, but an analysis of some of our opinions leads us to conclude that petitioner's reasoning is faulty and will not prevail here.

The parties agree that respondent determined a deficiency in part based upon his denial of petitioner's administration expense deduction. The taxable estate was increased by $188,411 and the tax on that increase produced a deficiency.

---

[3]In other words, the denial of such an election "does not create, or affect the amount of, a deficiency." *Estate of Sherrod v. Commissioner*, 82 T.C. 523, 536–537 (1984).

[4]As Judge Tietjens observed in his dissent in *Estate of Bahr v. Commissioner*, 68 T.C. 74, 83 (1977), Court reviewed, "The issue seems a simple one (but it isn't)."

Petitioner contends that the denial of the section 6166 election is tied to the disallowance of the administration expense deduction for interest. According to petitioner, because the deficiency in part arises from the denial of the section 6166 election, the Court has jurisdiction to review denial of that election.

Respondent views the section 6166 election as a matter that is separate from the deficiency. Respondent argues that the determination as to whether the estate qualifies for the payment of estate tax in installments does not create, nor will it affect, the amount of the deficiency in this case. According to respondent, this Court does not have jurisdiction to review respondent's denial of the section 6166 election, but does have jurisdiction to determine the correct amount of the deduction for interest, if any. For the reasons we discuss below, we agree with respondent and grant his motion to strike and to dismiss the petition insofar as it relates to the denial of petitioner's section 6166 election.

We begin our analysis with the rule that this Court *lacks* jurisdiction over the section 6166 election determination made by respondent. *Estate of Sherrod v. Commissioner, supra.* We reiterate what this Court has oft stated in the past: our jurisdiction is limited by statute and we have no authority to enlarge upon that jurisdiction. *Estate of Sherrod v. Commissioner, supra* at 536; *Estate of Young v. Commissioner,* 81 T.C. 879, 881 (1983), and cases cited therein; *Breman v. Commissioner,* 66 T.C. 61, 66 (1976). Sections 7442 and 6213 confer jurisdiction on the Tax Court to redetermine deficiencies in income, estate and gift taxes, and certain excise taxes. See also secs. 6211–6212 and 6214–6215.

In *Estate of Sherrod,* respondent determined in the notice of deficiency that the estate did not qualify to pay the estate tax in installments pursuant to sections 6166 or 6166A. In concluding that this Court has no jurisdiction over a determination with respect to that election, the Court relied upon committee reports to proposed legislation that would have given the Tax Court such authority:

Under present law, the decision of the Internal Revenue Service to deny an election to pay all or a portion of the estate tax attributable to closely held businesses generally is not subject to judicial review because no deficiency is involved. The committee believes that taxpayers should be

provided with a judicial forum to resolve disputes involving an estate's eligibility for the deferral of estate tax attributable to interests in closely held businesses.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In addition, the [proposed] committee bill provides a procedure for obtaining a declaratory judgment with respect to (1) an estate's eligibility for deferred payment of estate taxes attributable to an interest in a closely held business under section 6166 \* \* \*. Jurisdiction to issue a declaratory judgment is limited to the United States Tax Court and the determination of that court is final and conclusive and is not reviewable by any other court.
   [H. Rept. 97–201 (1981), 1981–2 C.B. 352, 388–389.]

The proposed provision was deleted in conference. See H. Rept. 97–215 (Conf.) (1981), 1981–2 C.B. 481, 511. Thus, this Court has remained without jurisdiction to determine the eligibility of a taxpayer to make that election. See also *Estate of Williams v. Commissioner*, T.C. Memo. 1984–178. We cannot indirectly acquire such jurisdiction based upon the theory advanced by petitioner.

With regard to the interest deduction under section 2053, however, it is beyond dispute that the disallowance of this deduction produced a deficiency. Sec. 6211. This Court has jurisdiction to redetermine a deficiency in estate tax. Sec. 6213. Since respondent's determination as to whether an estate is entitled to deduct interest creates a deficiency, this Court has jurisdiction to review such a determination. See *Estate of Sherrod v. Commissioner*, 82 T.C. at 537.

The issue of whether an estate qualifies to pay its tax in installments is entirely different from the issue of whether an estate qualifies for a deduction of an administration expense. The former involves an examination of the requirements of section 6166, while the latter involves scrutiny of a totally different set of requirements and limitations under section 2053. The evidence to be presented to resolve each of these issues is different. Moreover, even if an estate does qualify to pay estate tax in installments under section 6166, it is *not* entitled to deduct as an administration expense on the initial estate return an estimate of the interest to be accrued over the deferral period. *Estate of Bailly v. Commissioner*, 81 T.C. 246 (1983). Conversely, if an estate does not qualify to pay estate tax in installments under section 6166, it may still be entitled to deduct as an administration expense an amount for interest

paid on Federal estate tax.[5] See *Estate of Bahr v. Commissioner*, 68 T.C. 74 (1977).[6]

We, therefore, conclude that (1) we have no jurisdiction to review respondent's determination as to whether petitioner can use the installment payment provision of section 6166, but (2) we do have jurisdiction to review respondent's determination as to whether petitioner qualifies for an administration expense deduction for interest. In our review, these are separate determinations by respondent and separate issues in this Court. We reject petitioner's contention that a denial of the section 6166 election is tantamount to a disallowance of the interest deduction, and its concomitant conclusion that the Court has jurisdiction to review the denial of the election.

*An appropriate order will be issued.*

---

[5] We are mindful of the fact that in the notice of deficiency respondent disallowed the administration deduction for interest on the sole ground that "the estate does not meet the requirements of Section 6166 of the Internal Revenue Code." Respondent is not precluded, however, from raising an alternative ground for disallowance after issuing the notice of deficiency. See *Foster v. Commissioner*, 80 T.C. 34, 220 (1983), on appeal (9th Cir., Sept. 30, 1983); *Estate of Horvath v. Commissioner*, 59 T.C. 551, 555 (1973).

[6] Respondent has taken the position that an administration expense deduction for interest on Federal estate tax will be available to petitioner because, even though petitioner does not qualify under sec. 6166, there still will be interest owed on the late payment of tax and some interest has been paid by petitioner to date. The exact amount of the deduction for interest will be redetermined by this Court at a later date.