ENERGY RESOURCES, LTD., JOHN C. COGGIN III, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26143-87.          Filed November 8, 1988.

John C. Coggin III, pro se.

*Linda J. Wise, Marsha A. Keys,* and *Chris J. Ray,* for the respondent.

## OPINION

NIMS, *Judge:* This case was heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A of the Code.[1] The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue before the Court is whether John C. Coggin III (hereinafter Coggin) is a party entitled to file a petition under section 6226(b).

### FINDINGS OF FACT

A notice of final partnership administrative adjustment, dated March 26, 1987, determined an adjustment to the partnership return for taxable year 1983 for Energy Resources, Ltd., a limited partnership (hereinafter Energy). Specifically, the notice disallowed a loss claimed by the partnership in excess of $10 million. The notice was issued to Richard W. McIntyre, tax matters partner for Energy. McIntyre did not file a petition for readjustment of partnership items.

A notice of final partnership administrative adjustment was sent to Coggin on March 2, 1987, and he filed a petition on August 3, 1987.[2] At the time he filed the petition, Coggin was a resident of Birmingham, Alabama. According to the Schedule K-1 issued to Coggin by Energy for 1983, Coggin held a 0.495-percent interest in the

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Nothing in the record explains why Coggin received a notice of final partnership administrative adjustment with a date prior to that on the notice sent to the tax matters partner of Energy. At the hearing held on the motion, respondent advised that it was his practice to send a notice to all partners who are listed on a partnership's Schedules K-1, or of whom respondent otherwise has knowledge, even if the partnership has more than 100 partners.

partnership. The partnership's 1983 Federal return of income reflects that the partnership had 177 partners.

In support of his motion, respondent argues that this Court is without jurisdiction because Coggin is not a party entitled to file a petition under section 6226. Specifically, respondent contends that Coggin is not a "notice partner" as defined in section 6231(a)(8). Coggin concedes that he is not the partnership's tax matters partner or a member of a 5-percent notice group and so is not entitled to file a petition for readjustment of partnership items on either of those grounds. Coggin, however, maintains that he qualifies as a notice partner, and, alternatively, that respondent is estopped from asserting the contrary.

## OPINION

Under section 6226(b)(1), any notice partner may file a petition for readjustment of partnership items within 60 days after the close of the 90-day period within which the tax matters partner may file a petition for readjustment, if the tax matters partner has not filed such a petition. Section 6231(a)(8) defines "notice partner" as:

a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223 (determined without regard to subsections (b)(2) and (e)(1)(B) thereof).

Section 6223(b)(1) provides that a partner in a partnership with more than 100 partners, who has a less than 1-percent interest in partnership profits, is not entitled to the notice specified in section 6223(a). Such a partner is thus not a notice partner under section 6231(a)(8).

Here, Coggin is the holder of a 0.495-percent interest in the profits of a partnership with 177 partners. As such, under section 6231(a)(8), he is not a notice partner and pursuant to section 6223(b)(1) is not entitled to file a petition under section 6226(b).

Nevertheless, Coggin argues that the legislative history supports his contention that he qualifies as a notice partner and cites the following passage from the Conference report:

Notice partners are entitled to have notice of the partnership proceeding mailed to them at least 120 days before the notice of the FPAA is mailed to the TMP and to have the notice of the FPAA mailed to them

not later than 60 days after such notice is mailed to the TMP. *Notice partners for this purpose include partners with a less than one-percent interest in profits (in partnerships with over 100 partners),* and the notice requirement as to such partners is satisfied by notice to the TMP, or if such partner is a member of a 5-percent or greater group, by notice to the designated member of such group. [H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663. Emphasis added.]

This excerpt relates, however, to section 6223(e), regarding the effect of respondent's failure to provide any notice within the time specified in section 6223(d).

If respondent fails to mail any notice within the specified time, section 6223(e)(1)(B) provides that for purposes of section 6223(e)(1)(A), partners with less than 1-percent interests in partnerships having more than 100 partners shall be treated as entitled to the notice specified in section 6223(a). Both the statute, in section 6223(e)(1)(B), and the legislative history make it clear, however, that less than 1-percent partners in partnerships with more than 100 partners are not entitled to notice except through the tax matters partner or the designated member of a 5-percent notice group.

Respondent satisfied the notice requirement of section 6223(a) by mailing a notice of final partnership administrative adjustment to the tax matters partner of Energy. Accordingly, Coggin is not treated under section 6223(e)(1)(B) as entitled to the notice specified in section 6223(a), and he is not entitled to file a petition for a readjustment of partnership items with respect to Energy.

Coggin's argument that he qualifies as a notice partner is further belied by the statutory scheme enacted by Congress. If a less than 1-percent-interest partner in a partnership with more than 100 partners qualifies as a notice partner, the provisions relating to 5-percent notice groups are rendered superfluous, thus violating a basic rule of statutory construction. Furthermore, Congress explicitly excepted less than 1-percent-interest partners in partnerships with more than 100 partners from the notice requirement of section 6223(a).

When Congress has chosen to deal with a particular classification in a statutory section, this classification is removed from the application of the general language of that section which would cause a result contrary

to application of the specific language. * * * [*Liberty Finance Service, Inc. v. Commissioner,* 34 T.C. 682, 687 (1960).]

Coggin's receipt of a notice of final partnership administrative adjustment from respondent does not render him a notice partner, as Coggin contends. In this regard, we are a court of limited jurisdiction, and the right to file a petition depends upon statutory authority granting such right. Secs. 6226 and 7442. The statute is clear and unambiguous. Coggin does not qualify as a notice partner and was not entitled to the notice received from respondent. There is nothing in the statute or the legislative history to indicate that a notice sent by respondent, where none is required, causes the recipient to become a notice partner. Since Coggin does not qualify as a notice partner, and there is no other statutory basis for his filing a petition, we do not have jurisdiction. Coggin's estoppel argument must fail for the simple reason that the doctrine of estoppel cannot create jurisdiction where none othewrwise exists. Accordingly, respondent's motion will be granted.

*An order of dismissal will be entered.*