1983 WESTERN RESERVE OIL & GAS CO., LTD., RICHARD G. SHAFFER, RECEIVER PENDENTE LITE, ET AL.,[1] PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 17301-87, 17441-87, 17703-87, 18039-87, 18596-87, 18853-87, 27014-87.

Filed July 12, 1990.

[1]The following cases are consolidated herewith: 1983 Western Reserve Oil & Gas Co., Ltd., Notice Partner and All Members of the 5-Percent Notice Group (Exhibit 1), Partners Other Than Tax Matters Partner, docket Nos. 18853-87, 27014-87; Western Reserve Oil & Gas Co., Ltd., Notice Partner and All Members of the 5-Percent Notice Group (Exhibit 1), Partners Other Than Tax Matters Partner, docket Nos. 17741-87, 17703-87, 18596-87; and Western Reserve Oil & Gas Co., Ltd., Richard G. Shaffer, Receiver Pendente Lite, docket No. 18039-87.

*Michael Christianson,* for the petitioners in docket Nos. 17441-87, 17703-87, 18596-87, 18853-87, and 27014-87.

*Charles Slyngstad,* for the petitioner in docket Nos. 17301-87 and 18039-87.

*Marsha Keyes, William Quealy,* and *Henry Schneiderman,* for the respondent.

### OPINION

NIMS, *Chief Judge:* These cases were assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A and Rule 180. All section references are to the Internal Revenue Code, unless otherwise stated, and all Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, *Special Trial Judge:* These cases are before the Court on cross-motions to dismiss for lack of jurisdiction and are consolidated solely for purposes of this opinion. Respondent determined adjustments to the partnership return of Western Reserve Oil & Gas Co., Ltd. (WROG) for its 1983 taxable year and to the partnership return of 1983 Western Reserve Oil & Gas Co., Ltd. (1983 WROG) for its 1983 taxable year.

## BACKGROUND

WROG and 1983 WROG are limited partnerships organized under California law with their principal place of business at Los Angeles, California. Trevor M. Phillips (Phillips) was the tax matters partner of WROG and 1983 WROG. The only other general partner of the two partnerships was a California corporation, Phillips International Marketing Co., of which Phillips was sole shareholder. Phillips disappeared sometime in late 1985, at about which time a warrant was issued for his arrest in connection with his alleged failure to honor an order of the U.S. District Court for the Central District of California enforcing an Internal Revenue Service summons.

### *The Bankruptcy*

On February 28, 1986, Richard G. Shaffer (Shaffer) was appointed receiver pendente lite of WROG and 1983 WROG by order of the U.S. District Court for the Central District of California in a proceeding brought by a limited partner of the two partnerships. The order provided in part that Shaffer as receiver could—

act personally or through agents and counsel as tax matters partner under the Tax Equity and Fiscal Responsibility Act on behalf of the Western Reserve partnerships in all proceedings before the Internal Revenue Service or any other tax or administrative agency and to take such actions as the receiver may deem advisable.

Shaffer was not, however, a general or limited partner of WROG or 1983 WROG.

On May 29, 1986, creditors and limited partners of the partnerships instituted involuntary bankruptcy proceedings

against the partnerships. The preliminary injunction ordering WROG and 1983 WROG into receivership and appointing Shaffer receiver pendente lite was dissolved by order of the District Court on September 17, 1987. The order dissolving the preliminary injunction also referred the involuntary bankruptcy cases of WROG and 1983 WROG under chapter 11 of the Bankruptcy Code to the U.S. Bankruptcy Court for the Central District of California.

*Notices of Final Partnership Administrative Adjustment*

### (1) *WROG*

Triplicate original notices of final partnership administrative adjustment (FPAA's) were issued to WROG on March 13, 1987. FPAA's were addressed to "Trevor Phillips, Tax Matters Partner" and to "Tax Matters Partner, Western Reserve Oil and Gas," at the partnership's business address, 811 West Seventh Street, Suite 1220, Los Angeles, California 90017-3423. A third FPAA was issued to "Richard Shaffer, Tax Matters Partner," at the business address of the partnership.

Four petitions were filed on behalf of WROG for the 1983 taxable year. The first petition, docket No. 18039-87, was filed by Shaffer, purportedly as tax matters partner, within the 90-day period provided for in section 6226(a). Identical petitions were filed on behalf of a single 5-percent group (the WROG 5-percent group) at docket Nos. 17703-87 (June 11, 1987), 17441-87 (June 12, 1987), and 18596-87 (June 18, 1987).

### (2) *1983 WROG*

Triplicate original FPAA's determining adjustments to the 1983 partnership return of 1983 WROG were mailed to "Trevor Phillips, Tax Matters Partner," "Richard Shaffer, Tax Matters Partner," and "Tax Matters Partner, 1983 Western Reserve Oil and Gas" at the partnership's business address on March 10, 1987. Shaffer filed a petition, purportedly as tax matters partner, at docket No. 17301-87 within 90 days of the mailing of the FPAA's.

A petition for redetermination of the adjustments set forth in the FPAA was filed on June 19, 1987, at docket No.

18853-87 on behalf of a 5-percent group of 1983 WROG partners (the 1983 WROG 5-percent group). A second petition, based on the same FPAA as the petition at docket No. 18853-87, was filed at docket No. 27014-87 on August 11, 1987, on behalf of the 1983 WROG 5-percent group.

### Respondent's Motions to Dismiss

Respondent moved to dismiss the cases at docket Nos. 18039-87 and 17301-87 on the ground that Shaffer as receiver pendente lite of WROG and 1983 WROG was not eligible to file a petition because he is not the tax matters partner of the partnerships. Respondent filed what he styles as "alternative" motions to dismiss the cases at docket Nos. 17441-87, 17703-87, 18596-87, 18853-87, and 27014-87, filed on behalf of members of the 5-percent groups, on the ground that petitions with respect to the same FPAA's had already been filed by Shaffer as tax matters partner of WROG and 1983 WROG at docket Nos. 18039-87 and 17301-87, respectively. Respondent has also moved to dismiss all but one of the duplicate petitions filed as to each limited partnership by the respective 5-percent groups in the event we dismiss the petitions filed by the receiver, on the ground that only one such action may go forward under section 6226(b)(2) and (4) with respect to each limited partnership.

### Motions to Dismiss by 5-Percent Groups

Petitioners in docket Nos. 17441-87, 17703-87, 18596-87, 18853-87, and 27014-87 have filed motions to dismiss for lack of jurisdiction on the ground that the FPAA's are invalid because, at the time they were issued, there was no acting tax matters partner for either partnership. These petitioners accordingly maintain that the limited partners failed to receive proper notice of the adjustments proposed by respondent, in violation of their due process rights under the Constitution. Alternatively, they contend that the unified partnership audit and litigation procedures of section 6221 et seq. cannot be applied to a partnership that is a debtor in a bankruptcy proceeding, and, in any event, that the partnership proceeding in this Court may not. go

forward because of the automatic stay imposed by 11 U.S.C. sec. 362(a)(8) (1988).

DISCUSSION

## Effect of Partnerships' Bankruptcies on Partnership Action in Tax Court

### (1) Effect of Automatic Stay on Partnership Proceeding

We first consider the question of whether the partnership action in this Court must be dismissed for lack of jurisdiction because the petitions were filed in violation of 11 U.S.C. section 362(a), the automatic stay provisions of the Bankruptcy Code. Section 362(a) of the Bankruptcy Code provides in part:

(a) * * * a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of—

\* \* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court *concerning the debtor.* [Emphasis added.]

If this provision applies to these proceedings, then all of the petitions must be dismissed for lack of jurisdiction, since the petitions were filed after the automatic stay went into effect on May 29, 1986, the date the bankruptcies of the partnerships commenced. *Thompson v. Commissioner,* 84 T.C. 645 (1985); *McClamma v. Commissioner,* 76 T.C. 754 (1981).

Respondent contends that since a partnership itself has no tax liability, a proceeding in this Court for redetermination of partnership items does not "concern the debtor" in the case of a partnership in bankruptcy. Therefore, he argues, the commencement or continuation of partnership proceedings in this Court is not stayed. We agree.

Clearly, the effect of the automatic stay provisions is a question of bankruptcy law. See *Thompson v. Commissioner, supra* at 647, and *McClamma v. Commissioner, supra* at 756. It is generally accepted that, for bankruptcy purposes, a partnership is an entity separate and distinct from its partners. *Liberty National Bank v. Bear,* 276 U.S. 215 (1928); *In Re Jercyn Dress Shop,* 516 F.2d 864 (2d Cir. 1975); *First National Bank of Herkimer v. Poland Union,*

109 F.2d 54 (2d Cir. 1940). A partnership may be adjudicated bankrupt regardless of the status of its individual partners. See *Liberty National Bank v. Bear, supra,* and *In Re Jercyn Dress Shop, supra.* Furthermore, the filing of a bankruptcy petition by a partnership does not ordinarily stay a proceeding against a partner in a bankrupt partnership. *Teachers Ins. & Annuity Assn. of America v. Butler,* 803 F.2d 61, 65 (2d Cir. 1986); *In re B & B Enterprise,* 69 Bankr. 45, 47 (Bankr. E.D. Mo. 1986); *In re Arrow Huss, Inc.,* 51 Bankr. 853, 856 (Bankr. D. Utah 1985); *In re Palm Gardens Nursing Home,* 46 Bankr. 685, 687 (Bankr. E.D.N.Y. 1985); *In re Johns-Manville Corp.,* 26 Bankr. 405, 411 (Bankr. S.D.N.Y. 1983), affd. 40 Bankr. 219 (S.D.N.Y. 1984); *In re Autobahn Classics, Inc.,* 29 Bankr. 625, 628 (Bankr. S.D.N.Y. 1983); *In re Landmark Air Fund II,* 19 Bankr. 556, 559 (Bankr. N.D. Ohio 1982); *In re Aboussie Bros. Construction,* 8 Bankr. 302 (E.D. Mo. 1981).

In light of the foregoing authority, there is no reason why a partnership proceeding in the Tax Court should be stayed, since it ultimately affects only the tax liability of individual partners. The purpose of a partnership proceeding in the Tax Court is to redetermine the adjustments to a partnership's return determined in an FPAA. Ultimately, however, it is the tax liability of the individual partners which is affected by the redetermination of the adjustments to the return of the partnership. To argue that the partnership proceeding requires the Tax Court to make determinations with respect to the items of income, gain, loss, or credit of the partnership, rather than the individual partners, and that a partnership proceeding involving a bankrupt partnership thus "concerns" the partnership, not the partners, is to exalt form over substance.

In contrast, a bankruptcy court lacks jurisdiction to determine the tax liability of nondebtor partners for the activities of a debtor partnership or to determine the tax consequences of the partnership's activities. *American Principals Leasing Corp. v. United States,* 904 F.2d 477 (9th Cir. 1990). In *American Principals Leasing Corp.,* American Principals Leasing Corp. (APLC) and 24 limited partnerships (of which APLC was sole and managing general partner), all debtors in a bankruptcy case, filed a complaint in the

58

District Court, sitting in bankruptcy, seeking declaratory relief concerning the tax consequences for APLC and other partners of the various partnerships' activities. The District Court granted the Government's motion to dismiss for lack of bankruptcy jurisdiction as to all the partners in the limited partnerships except APLC.

On appeal, the Court of Appeals for the Ninth Circuit held that the District Court correctly concluded that it lacked bankruptcy jurisdiction, rejecting the contention of the appellants that 11 U.S.C. sec. 505(a)(1) (1988), which permits a bankruptcy court to "determine the * * * legality of any tax,"[2] extended the jurisdiction of the bankruptcy court to parties other than the debtor. In so holding, the Court of Appeals expressly noted that 11 U.S.C. sec. 505 "grants bankruptcy courts jurisdiction to determine any *tax liability* of the debtor" and that partnerships, as nontaxable entities, have no tax liability. 904 F.2d at 481.

There is no doubt that the enactment of the unified partnership audit and litigation procedures has changed the process by which partnership adjustments are reviewed. Even under pre-TEFRA law, however, the starting point in determining a deficiency against an individual partner was the examination of the partnership return. Any adjustments made to the partnership return would be reflected in adjustments to the partner's individual return, and a notice of deficiency would be issued to the partner. Upon the filing of a petition in response to the notice of deficiency, we would review the adjustments made at the partnership level in our redetermination of the deficiency of the individual partner. It has not been suggested nor is there any authority under pre-TEFRA law to the effect that the bankruptcy of a partnership precluded an individual partner from filing a petition in the Tax Court. We see no reason for a different rule simply because adjustments to a

---

[2]Sec. 505(a)(1) provides:

Except as provided in paragraph (2) of this subsection, [a bankruptcy court] may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

partnership return are now redetermined in a unified proceeding binding on all partners who are parties.

We also note that, under the statute and our Rules, it is not the partnership, but the partner filing a petition in the Tax Court, who is the petitioner. See *Barbados #6 Ltd. v. Commissioner,* 85 T.C. 900 n. 1 (1985); sec. 6226; Rule 241. Thus, it is clear that the bankruptcy proceeding and the proceeding in this Court involve different parties.

Section 6213(f) provides that the running of the time for filing a petition in the Tax Court for the redetermination of a deficiency is suspended for the period during which a debtor in bankruptcy is prohibited from filing a Tax Court petition and for 60 days thereafter. *Olson v. Commissioner,* 86 T.C. 1314, 1318-1319 (1986). Thus, where a notice of deficiency is issued to a debtor in bankruptcy while the automatic stay is in effect, the debtor has 150 days to file a petition in the Tax Court after the automatic stay is no longer in effect. In such a situation, section 6213(f) preserves the debtor's right to file a petition in the Tax Court.

No provision similar to section 6213(f) exists with respect to the TEFRA partnership rules. *Tempest Associates, Ltd. v. Commissioner,* 94 T.C. 794 (1990). In the case of an FPAA issued to the partners of a partnership in bankruptcy, no provision in section 6221 et seq. suspends the running of the time periods specified in section 6226 for filing a petition for readjustment of partnership items. If, in such circumstances, the time within which a readjustment petition may be filed expires, the partners would be forever precluded from obtaining judicial review of the adjustments to the partnership's return. The partners could not rely on section 6213(f), since that section relates only to deficiency proceedings. As noted above, the bankruptcy court has no jurisdiction to determine the tax liabilities of individual partners who are not debtors in bankruptcy. *American Principals Leasing Corp. v. United States, supra.* Accordingly, by ruling as we do here, we avoid reaching a result that would have the effect of denying petitioner partners their day in court.

In holding as we do, we have not overlooked competing considerations which favor the stay of proceedings outside the bankruptcy court. For example, competition between

the two forums for records and documents of the partnership could occur. We are satisfied, however, that such considerations are secondary in light of the nature of the proceeding in this Court; i.e., that its ultimate purpose is to redetermine the tax liabilities of the individual partners.

For the above reasons, we hold that neither the commencement nor the continuation of these proceedings is affected by 11 U.S.C. sec. 362(a)(8) (1988).

## (2) *Validity of FPAA's*

The respective 5-percent groups contend that this Court lacks jurisdiction because the FPAA's issued to WROG and 1983 WROG are invalid. According to these petitioners, the TEFRA unified partnership audit and litigation procedures, section 6221 et seq., do not apply to a partnership in bankruptcy. Petitioners argue that the legislative history of section 1399[3] indicates that the trustee in bankruptcy of a partnership is the person required to file the partnership's return. Therefore, petitioners argue on brief, the bankruptcy trustee "becomes the person acting in a representative capacity for the partnership, thereby replacing the TMP as the fiduciary for the partnership." Since the bankruptcy trustee cannot qualify as tax matters partner under section 6231(a)(7), so petitioners' argument goes, any notice sent to the trustee "fails to meet the requirements of TEFRA," and the TEFRA partnership rules thus cannot apply to a partnership in bankruptcy.

The generic FPAA's mailed to Tax Matters Partner, Western Reserve Oil & Gas Co., Ltd., and Tax Matters Partner, 1983 Western Reserve Oil & Gas Co., Ltd., were valid under the TEFRA partnership provisions. An FPAA may be mailed to "Tax Matters Partner" at the business address of the partnership. Sec. 301.6223(a)-1T(a)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987); *Barbados #7, Ltd. v. Commissioner,* 92 T.C. 804 (1989); *Chomp Associates v. Commissioner,* 91 T.C. 1069 (1988). See also H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663.

Petitioners cite no authority for the proposition that the bankruptcy trustee of a partnership replaces the tax matters partner or assumes the duties of a tax matters partner

---

[3]S. Rept. 96-1035 (1980), 1980-2 C.B. 620; H. Rept. 96-833 (1980).

during the pendency of the bankruptcy. Furthermore, we have held that an FPAA is valid if mailed to "Tax Matters Partner" at the address of the partnership, even where no tax matters partner in fact existed on the date the FPAA was mailed. *Seneca, Ltd. v. Commissioner,* 92 T.C. 363 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990). As in *Seneca,* the petitioners here received the FPAA's in time to protect their interests, as evidenced by their filing of timely petitions in this case. Accordingly, we reject petitioners' contention that the FPAA's were invalid because the partnerships were in bankruptcy at the time the FPAA's were issued.

*Respondent's Motion to Dismiss Petitions Filed by Receiver*

We next consider respondent's motion to dismiss for lack of jurisdiction. Respondent's primary contention is that the petitions filed by Shaffer should be dismissed for lack of jurisdiction since they were not filed by the tax matters partner of WROG and 1983 WROG. If his motion is granted with respect to the petitions filed by Shaffer, respondent concedes that one of the petitions filed by the 5-percent group with respect to each partnership is valid.

The order of the District Court appointing Shaffer receiver of the partnerships is limited. The order empowers Shaffer to perform the duties of a tax matters partner for WROG and 1983 WROG only in proceedings before the Internal Revenue Service or other tax or administrative agency. The Tax Court is a judicial body, not a tax "agency" or an administrative agency. See *Burns, Stix Friedman & Co. v. Commissioner,* 57 T.C. 392, 395 (1971). Thus, the order of the District Court does not grant Shaffer authority to file a petition in this Court.

Neither was Shaffer otherwise qualified by statute to file a readjustment petition. Section 6231(a)(7) defines the term "tax matters partner." That section provides that the tax matters partner is the general partner so designated by the partnership. If no general partner has been designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved is the tax matters partner under section 6231(a)(7)(B). If there is more than one such partner, the partner whose name would

appear first in an alphabetical listing is the tax matters partner. If the partnership fails to designate a tax matters partner and the Secretary determines that it is impracticable to apply the largest-profits-interest rule, the partner selected by the Secretary is treated as the tax matters partner. Sec. 6231(a)(7).

The statutory provisions are clear and unambiguous: a tax matters partner designated by the partnership or identified pursuant to the largest-profits-interest rule must be a general partner in the partnership. If the partnership does not designate a tax matters partner and the Commissioner determines that it is inappropriate to apply the largest-profits-interest rule, then the tax matters partner shall be the partner selected as such by the Commissioner. Sec. 6231(a)(7); *Computer Programs Lambda, Ltd. v. Commissioner*, 89 T.C. 198 (1987). *Sierra Design Research and Development Limited Partnership v. Commissioner*, T.C. Memo. 1989-506; *PAE Enterprises v. Commissioner*, T.C. Memo. 1988-222. The legislative history is equally clear. See H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 663. Shaffer, the court-appointed receiver, is not, and never was, a partner in WROG or 1983 WROG. Thus, he could not qualify as a tax matters partner under section 6231(a)(7)(A) or (B). Nor has the Commissioner purported to select Shaffer as tax matters partner. Although Shaffer could not qualify under the statute as tax matters partner since he never held an interest in the partnership, we note that our opinion in this case does not involve the issue of a court's power to appoint a nonpartner as tax matters partner for purposes of a partnership proceeding in this Court, a question we need not and do not decide.

This Court does not have jurisdiction to consider a petition filed by a person or entity not qualified by law. *Gold-n-Travel, Inc. v. Commissioner*, 93 T.C. 618 (1989); *Energy Resources, Ltd. v. Commissioner*, 91 T.C. 913 (1988). See also *Sente Investment Club Partnership of Utah v. Commissioner*, T.C. Memo. 1988-376. Our jurisdiction may not be expanded beyond its statutory limits. *Estate of Meyer v. Commissioner*, 84 T.C. 560 (1985); *Estate of Young v. Commissioner*, 81 T.C. 879 (1983); *Medeiros v. Commissioner*, 77 T.C. 1255, 1259 (1981). Shaffer cannot qualify as

the tax matters partner of the partnerships for purposes of filing a petition in this Court since (1) the District Court did not purport to empower him to file a petition with this Court nor (2) does he otherwise meet the requirements of the statute. Accordingly, the petitions filed by Shaffer will be dismissed for lack of jurisdiction.

### Respondent's Motions to Dismiss Petitions Filed by 5-Percent Groups

The parties agree that only one petition filed by a 5-percent group may go forward with respect to each limited partnership under section 6226(b)(2). Section 6226(b)(1) provides that if the tax matters partner does not file a readjustment petition with respect to the FPAA, any notice partner or 5-percent group may file a petition within 60 days after the close of the 90-day period set forth in section 6226(a)(1) (i.e., the 90-day period in which the tax matters partner may file a petition for readjustment).

### WROG

The WROG 5-percent group filed petitions at docket Nos. 17703-87, 17441-87, and 18596-87. Docket No. 17703-87 was prematurely filed on the 90th day after mailing of the FPAA (June 11, 1987) and must be dismissed. *Transpac Drilling Venture 1982-22 v. Commissioner*, 87 T.C. 874 (1986). Accordingly, the petition filed at docket No. 17441-87, filed June 12, 1987, should go forward as the first petition properly filed by a 5-percent group. Docket No. 18596-87, filed June 18, 1987, will be dismissed. Sec. 6226(b)(4).

### 1983 WROG

We have already held that one of the petitions filed with respect to the FPAA issued to 1983 WROG must be dismissed because it was not filed by the tax matters partner. Two other petitions were filed with respect to that FPAA, both of which were filed within the period specified in section 6226(b)(1). The petition at docket No. 18853-87 was filed June 19, 1987. As the first action filed by a 5-percent group, it should go forward under section 6226(b)(2). The

petition at docket No. 27014-87, filed August 11, 1987, will be dismissed. Sec. 6226(b)(2) and (4).

### *Motions by the 5-Percent Groups to Dismiss for Lack of Jurisdiction*

Petitioners comprising the respective 5-percent groups have moved to dismiss for lack of jurisdiction on the ground that the FPAA's issued to WROG and 1983 WROG were invalid because at the time the notices were issued there was no acting tax matters partner for either partnership. According to petitioners, the unified partnership audit and litigation procedures of section 6221 et seq. cannot apply unless there is an acting tax matters partner to provide the notice to other partners required by the statute and the due process clause of the fifth amendment. In this regard, petitioners contend that limited partners who received no notice of the final partnership administrative adjustments and the action brought in this Court have "irrevocably lost rights and opportunities" to plan their financial affairs as a result of the lack of notice. Petitioners conclude that there has been a denial of due process. We have previously upheld the general scheme of the TEFRA partnership provisions. *Saso v. Commissioner,* 93 T.C. 730 (1989). We have also upheld the statute to the extent that every partner is not necessarily entitled to notice or entitled to file a petition. *Energy Resources, Ltd. v. Commissioner,* 91 T.C. 913 (1988).

Valid petitions have been filed in the Tax Court with respect to the FPAA's issued to WROG and 1983 WROG for their taxable year 1983. Under section 6226(c), all partners in WROG or 1983 WROG during taxable year 1983 will be treated as parties to these actions, and each may have an opportunity to participate in the proceedings in this Court upon filing a notice of election to participate with the Court. Rule 245(b). This Court may appoint a new tax matters partner, if necessary, to notify nonparticipating partners of these actions, and we may grant leave under Rule 245(c) to such partners to file out of time a notice of election to participate. Petitioners and the other limited partners will thus have full opportunity to participate in these actions. Accordingly, petitioners have not been prejudiced and there has been no denial of due process rights.

> *Orders granting respondent's motions to dismiss for lack of jurisdiction will be entered in docket Nos. 17301-87, 17703-87, 18039-87, 18596-87, and 27014-87.*
>
> *Orders denying respondent's motions to dismiss for lack of jurisdiction will be issued in docket Nos. 17441-87 and 18853-87.*
>
> *Orders denying petitioners' motions to dismiss for lack of jurisdiction will be issued in docket Nos. 17441-87, 17703-87, 18596-87, 18853-87, and 27014-87.*