T.C. Memo. 1998-77


UNITED STATES TAX COURT


HOYT AND SONS RANCH PROPERTIES, LTD., A NEVADA LIMITED
PARTNERSHIP, WALTER J. HOYT, III, TAX MATTERS PARTNER, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15578-97.                    Filed February 23, 1998.


Walter J. Hoyt III, pro se.

Ronald L. Buch, Jr., and Ann M. Murphy, for respondent.


MEMORANDUM OPINION


COHEN, Chief Judge:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183. (Unless otherwise indicated, all section

references are to the Internal Revenue Code, as amended, and all

Rule references are to the Tax Court Rules of Practice and

Procedure.)  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction.  The issue to be decided is whether the petition for readjustment was filed within the period prescribed in section 6226.

Background

On May 17, 1995, Hoyt and Sons Ranch Properties, Ltd. (the partnership) filed a bankruptcy petition with the U.S. Bankruptcy Court for the District of Oregon.

On July 17, 1996, respondent issued a notice of final partnership administrative adjustment (FPAA) to Walter J. Hoyt, III (Mr. Hoyt or petitioner), the partnership's tax matters partner (TMP), determining adjustments to the partnership's return (Form 1065) for the taxable year 1992.  On April 2, 1997, respondent issued an FPAA to Mr. Hoyt, determining adjustments to the partnership's return (Form 1065) for the taxable year 1993. In addition to serving as the partnership's TMP, Mr. Hoyt is a notice partner of the partnership within the meaning of section 6231(a)(8).

On June 18, 1997, the bankruptcy court issued an order granting Mr. Hoyt's motion for an order to release the so-called bankruptcy automatic stay (imposed under 11 U.S.C. sec. 362(a)(8)

(1988)) to permit the filing of a petition for readjustment with this Court.  The order states in pertinent part as follows:

> The Court considered the Motion for Order for Release of Stay to File Tax Court Petition filed by Walter J. Hoyt III in connection with the Motion to Limit Trustee's Duties or, in the alternative, for Instructions Regarding IRS Notice.
>
> Based upon the record herein and the Court being otherwise duly advised, it is, to the extent an order is necessary, the Motion for an Order to Release of Stay to File Tax Court Petition [sic], filed by Walter J. Hoyt III, be and hereby is granted.

On July 21, 1997, petitioner filed a petition for readjustment with the Court contesting the FPAA's described above.  At the time that the petition was filed, the partnership maintained its principal place of business at Burns, Oregon.

Respondent subsequently filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition for readjustment was not timely filed.  Petitioner filed an objection to respondent's motion asserting that the petition for readjustment was timely filed within the period prescribed in section 6213(f) following the issuance of the bankruptcy court's order lifting the automatic stay.  In response to petitioner's objection, respondent maintains that the petition is untimely with respect to the FPAA for 1992, despite the partnership's bankruptcy case, on the ground that the automatic stay did not serve as a bar to filing of a petition for readjustment for that year.  On the other hand, respondent now concedes that the petition for readjustment is timely with respect to the FPAA for 1993 because

the petition was filed by petitioner, who is also a notice partner, within the 60-day period prescribed in section 6226(b)(1). See Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 904 (1985). (Consistent with this concession, we shall deny respondent's Motion to Dismiss for Lack of Jurisdiction insofar as the taxable year 1993 is concerned.)

On November 5, 1997, the Court issued an order calendaring respondent's motion to dismiss for hearing on December 3, 1997. The order included a reminder to the parties of the applicability of Rule 50(c). On November 19, 1997, petitioner filed a motion to continue the hearing. On November 21, 1997, the Court granted petitioner's motion and continued the hearing of this matter to December 17, 1997. The Court again reminded the parties of the applicability of Rule 50(c). On December 5, 1997, petitioner filed a second motion to continue the hearing. Petitioner's motion was denied on December 10, 1997.

This matter was called for hearing at the Court's motions session in Washington, D.C., on December 17, 1997. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion to dismiss the taxable year 1992. No appearance was made by or on behalf of petitioner, nor did petitioner file a statement with the Court pursuant to Rule 50(c).

Discussion

The issue for decision by the Court is whether the petition for readjustment is timely with respect to the taxable year 1992. This partnership case is subject to the unified partnership audit and litigation procedures set forth in sections 6221 through 6234. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986); Maxwell v. Commissioner, 87 T.C. 783, 789 (1986).

Section 6223 provides that the Commissioner shall furnish to each partner whose name and address is supplied to the Commissioner, notice of the beginning of an administrative proceeding at the partnership level and notice of the final partnership administrative adjustment resulting from such proceeding. Section 6226(a)(1) provides that the TMP may file a petition for readjustment with the Court within 90 days of the mailing of the FPAA. Section 6226(b) provides that, if the TMP does not file a petition, a notice partner or any 5-percent group may file a petition within the 60-day period following the expiration of the 90-day period prescribed in section 6226(a).

As previously discussed, respondent mailed an FPAA for the taxable year 1992 to petitioner on July 17, 1996. However, the petition for readjustment was not filed with the Court until July

21, 1997, more than a year after the mailing of the FPAA. Petitioner contends that the petition is timely under section 6213(f) because the partnership was in bankruptcy at the time that the FPAA was issued and the bankruptcy court did not lift the automatic stay until June 18, 1997. Respondent, relying on 1983 Western Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51 (1990), affd. without published opinion 995 F.2d 235 (9th Cir. 1993) (WROG), contends that the automatic stay did not act as a bar to the filing of a timely petition for readjustment in this case.

In a deficiency case, section 6213(f) provides an exception to the normal 90-day period for filing a timely petition for redetermination with the Court under section 6213(a). Specifically, in a case where a taxpayer has filed a petition for relief under the Bankruptcy Code, section 6213(f) provides that the normal 90-day filing period is extended during the period that the taxpayer is precluded from filing a petition by the automatic stay and for 60 days thereafter.

The automatic stay, as applicable to proceedings in this Court, is codified at 11 U.S.C. sec. 362(a)(8) (1988). That section generally provides that the filing of a bankruptcy petition operates as a stay of the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor. See Kieu v. Commissioner, 105 T.C. 387, 391 (1995). Unless relief from the automatic stay is granted by order of the

bankruptcy court, see 11 U.S.C. sec. 362(d) (1988), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the granting or denial of a discharge.  11 U.S.C. sec. 362(c)(2) (1988); Allison v. Commissioner, 97 T.C. 544, 545 (1991).

We agree with respondent that the WROG case serves as controlling precedent with respect to the issue presented.  In WROG, two partnerships were the debtors in involuntary bankruptcy proceedings at the time that the Commissioner issued FPAA's to the partnerships for the taxable year 1983.  After various individuals and groups filed petitions for readjustment with the Court, the Court received a number of jurisdictional motions, including motions to dismiss for lack of jurisdiction filed by members of 5-percent groups asserting that the petitions were filed in violation of the bankruptcy automatic stay.

In rejecting the contention that the petitions were filed in violation of the automatic stay, we agreed with the Commissioner that, because a TEFRA partnership itself has no tax liability, the filing of a petition for readjustment of partnership items with the Court does not constitute a "proceeding before the United States Tax Court concerning the debtor" within the meaning of 11 U.S.C. sec. 362(a)(8) (1988).  1983 Western Reserve Oil & Gas Co. v. Commissioner, 95 T.C. at 56-57; see Third Dividend/Dardanos Associates v. Commissioner, 88 F.3d 821, 823 (9th Cir. 1996), revg. and remanding  T.C. Memo. 1994-412; Chef's

<u>Choice Produce, Ltd. v. Commissioner</u>, 95 T.C. 388, 394 (1990).
Stated differently, because a TEFRA partnership proceeding
ultimately concerns the tax liability of the partnership's
individual partners, and recognizing that a partnership in
bankruptcy is an entity separate and distinct from its partners,
we concluded that a partnership level proceeding may be commenced
and concluded in this Court without violating the automatic stay.
<u>1983 Western Reserve Oil & Gas Co. v. Commissioner</u>, 95 T.C. at
56-57.  Finally, we made the dual observations that section
6213(f), which applies in deficiency proceedings, would not be
applicable to extend the period for filing a petition for
readjustment under section 6226 in a TEFRA partnership
proceeding, and that there is no provision similar to section
6213(f) under the TEFRA partnership provisions.  <u>Id.</u> at 59.

Consistent with the <u>WROG</u> case, we hold that the automatic
stay imposed under 11 U.S.C. sec. 362(a)(8) (1988) did not  bar
the filing of the petition for readjustment in this case.  In
this regard, petitioner's reliance on the bankruptcy court's
order lifting the automatic stay for purposes of filing the
petition for readjustment is misplaced.  In the first instance,
to the extent that the bankruptcy court's order can be read as an
affirmation that the automatic stay barred the filing of the
petition in this case, the order lacks any analysis of the issue
and, as such, does not persuade us of the need to reexamine our
holding in <u>WROG</u>.  On the other hand, the bankruptcy court's order

is sufficiently qualified by the inclusion of the phrase "to the extent necessary" that it is reasonable to view the order as nothing more than the bankruptcy court's attempt to accommodate petitioner. From either perspective, the bankruptcy court's order does not affect our analysis.

Petitioner further contends that we should conclude that the automatic stay was in effect in this case until the issuance of the bankruptcy court's order on June 18, 1997, by virtue of an argument raised by counsel for the Government during the bankruptcy proceedings that the partnership should be treated as petitioner's alter ego. We disagree. Notwithstanding that such an argument was raised in the bankruptcy court, the record does not indicate that petitioner ever filed a petition in bankruptcy, nor was he ever named as a debtor in a bankruptcy proceeding. Moreover, even if petitioner were named as debtor in a bankruptcy proceeding, such event would require the partnership to appoint a replacement TMP and would not serve to extend the period for filing a timely petition for readjustment with the Court. See Tempest Associates, Ltd. v. Commissioner, 94 T.C. 794, 801-802 (1990).

Consistent with the foregoing, we shall grant respondent's motion to dismiss insofar as the taxable year 1992 is concerned.

To reflect the foregoing,

<u>An order will be issued</u>
<u>granting respondent's motion to</u>
<u>dismiss the taxable year 1992,</u>
<u>denying respondent's motion to</u>
<u>dismiss the taxable year 1993</u>.