T.C. Memo. 2001-282


UNITED STATES TAX COURT


HOYT AND SONS RANCH PROPERTIES LTD. NV, SHORTHORN GENETIC
ENGINEERING 1984-5, J.V., A PARTNER OTHER THAN THE TAX MATTERS
PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12613-00.                    Filed October 11, 2001.


<u>Montgomery W. Cobb</u>, for petitioner.

<u>Thomas N. Tomashek</u> and <u>Alan E. Staines</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Stanley J. Goldberg pursuant to Rules 180, 181, and 183.
Unless otherwise indicated, section references herein are to the
Internal Revenue Code in effect for the year in issue, and Rule
references are to the Tax Court Rules of Practice and Procedure.

The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

GOLDBERG, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion to Dismiss For Lack of Jurisdiction on the grounds that the petition was not filed within the time prescribed by section 6226(a) or (b), and that the petition was not filed by the tax matters partner, a notice partner, or a 5-percent group.  Petitioner objects to respondent's motion and counters that the notice of final partnership administrative adjustment (FPAA) is invalid, or, in the alternative, the time for filing a petition for redetermination with this Court was equitably tolled.

### Background

Respondent determined adjustments to the partnership return of Hoyt and Sons Ranch Properties Ltd. NV (Ranch Properties) for its 1994 taxable year as set forth in the FPAA notice.  Ranch Properties' 1994 partnership return reflects that the partnership had 116 partners.

On August 13, 1998, respondent sent the FPAA notice by certified mail to Tax Matters Partner, Hoyt and Sons Ranch Properties, Ltd., at Post Office Box 210, Orovada, Nevada 89425 (Orovada address), and by certified mail to Walter J. Hoyt III, Tax Matters Partner, at HC 71 Lone Pine Road, Burns, Oregon 97720

(Burns address). In prior tax years of Ranch Properties, not at issue before us, some of the partners of Ranch Properties, including Shorthorn Genetic Engineering 1984-5 (SGE), J.V., received FPAA notices from respondent. However, no other FPAA notices were issued or mailed to any partner of Ranch Properties other than the tax matters partner (TMP) for tax year 1994.

The 90-day period within which the TMP could file a petition for redetermination of partnership adjustments with this Court expired on November 11, 1998. Sec. 6226(a). The subsequent 60-day period within which a partner other than the TMP could file a petition for redetermination of partnership adjustments expired on January 11, 1999. Sec. 6226(b). SGE is a partnership and pass-through-partner of Ranch Properties. SGE, through its attorney, Montgomery Cobb (Mr. Cobb), filed a petition for readjustment of partnership items as a partner other than the TMP on December 7, 2000. According to the Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., attached to the 1994 partnership return, SGE was a 0.65-percent profit, loss, and ownership holder of Ranch Properties. In the FPAA notice respondent determined that the distributive share and allocation for each of the 116 partners of Ranch Properties was 0.862 percent.

The 1994 U.S. Partnership Return of Income (1994 return), Form 1065, on which this case is based, was prepared by Walter J.

Hoyt III (Mr. Hoyt).  According to the return, Mr. Hoyt was also the designated TMP for the partnership.  The Burns address and Orovada address were listed on the return as the respective addresses of the TMP and the tax return preparer.

By letter to respondent, dated June 23, 1998 (Cobb letter), Mr. Cobb requested, as counsel for "all of the Hoyt investor partnerships":

> that all notices and correspondence to Mr. Hoyt as Tax Matters Partner or as a partner in the investor partnerships, be copied to me as partnerships [sic] counsel.  If you believe this notice is insufficient for any reason, I request that you advise me immediately.
>
> Regardless of any reasons which may be advanced for not copying me on partnerships' notices and correspondence, it is the partnerships' position that any notice sent to Mr. Hoyt and not copied to me is insufficient and that, should any partnership fail to timely respond to such a notice, that failure is excused by the IRS's conduct in failing to copy partnerships' counsel with the notice.
>
> I have provided to * * * [respondent's counsel] an authorization to release information, listing the partnerships and other entities.

As mentioned in the above letter, Mr. Cobb submitted an Amended Tax Information Authorization form (authorization form) signed by Mr. Hoyt in his capacity as "Himself, general partner, partner, and/or member of the entities listed on Exhibit 1; and on behalf of any entity listed on Exhibit 2 in which he has the ability to authorize a release."  Exhibit 1 lists approximately 127

different entities with corresponding employment identification numbers (EIN). At the end of Exhibit 1 is the following statement:

> ***NOTE***
> There are 29 other partnership entities in which I (Mr. Hoyt) was not a partner and was only the paid preparer of the partnership return and the two Hoyt & Sons Ranch Properties partnerships for which I do not have any authority for authorization.

Other than the "NOTE" above, Ranch Properties is not listed in Exhibit 1 or 2 of the authorization form.

In response to the Cobb letter, respondent notified Mr. Cobb, by letter dated July 7, 1998, the following:

> On June 26, 1998, you provided with this office a listing of the Hoyt Farms partnerships which you represent with respect to Mr. Hoyt's request for copies of partner Forms 906. Please note that we have <u>not</u> enclosed a copy of any FPAA certified mailing list with respect to any Hoyt Farm partnership which is not included on the list or which was deleted from that list. If you wish to receive information regarding such entities, please provide the appropriate disclosure authorizations or powers of attorney.
>
> If Mr. Hoyt has failed to provide you with any FPAA's for which we have enclosed a related certified mailing list, please so inform us in writing and we will forward a copy of the relevant FPAA.

A second letter from respondent to Mr. Cobb was sent on July 13, 1998, effectively stating the same information as the July 7, 1998, correspondence above. The authorization exhibits indicated that Ranch Properties was not among the partnerships as to which

Mr. Hoyt had authority that he could release or delegate to Mr. Cobb.

As previously stated, respondent's pending motion to dismiss for lack of jurisdiction is based on the grounds that the petition for readjustment was not filed within either of the time periods prescribed by section 6226(a) and (b), and that SGE was not a notice partner, and thus was not entitled to file the readjustment petition. Petitioner, in its objection to respondent's motion to dismiss, contends: (1) It is a notice partner to which the FPAA should have been provided; (2) the FPAA notice mailed to the TMP at the Orovada address was never received, and, therefore, invalid; and (3) the period for filing SGE's readjustment petition should be equitably tolled due to respondent's failure to provide proper notice. The premise of SGE's third argument is that respondent's failure to provide the FPAA notice in this case to SGE's counsel, Mr. Cobb, per the Cobb letter, invalidates the FPAA.

## Discussion

The tax treatment of partnership items generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648; Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). The TEFRA procedures

apply with respect to all taxable years of a partnership beginning after September 3, 1982.  Sparks v. Commissioner, 87 T.C. 1279, 1284 (1986).  The TEFRA procedures apply to the taxable year 1994 of Ranch Properties.

This Court has previously held that the standard for determining the validity of an FPAA is whether the FPAA provides adequate or minimal notice to the taxpayer of the Commissioner's final determination of adjustments to the partnership return. Triangle Investors Ltd. Pship. v. Commissioner, 95 T.C. 610, 613 (1990); Chomp Associates v. Commissioner, 91 T.C. 1069, 1073-1074 (1988); Byrd Inv. v. Commissioner, 89 T.C. 1, 6-7 (1987), affd. without published opinion 853 F.2d 928 (11th Cir. 1988). Furthermore, the validity of an FPAA is not contingent upon actual receipt by the TMP or a notice partner.  Crowell v. Commissioner, 102 T.C. 683, 692 (1994); see also Seneca Ltd. v. Comissioner, 92 T.C. 363, 368 (1989), affd. without published opinion 899 F.2d 1225 (9th Cir. 1990).

In the motion to dismiss, respondent contends that the Court does not have jurisdiction to redetermine any items in the FPAA because the petition was not filed within the period specified in section 6226(a) or (b), and on the grounds that SGE is not a notice partner.

SGE argues that the Cobb letter, combined with the authorization by Mr. Hoyt, serves as the notice group request

under section 6223(b).  Alternatively, SGE argues that the same documents provided additional information which enabled respondent to determine that the FPAA should have been sent to Mr. Cobb directly.  We disagree with both of SGE's assertions.

As relevant herein, section 6223(b)(2) allows a group of partners having an aggregate of 5 percent or more interest in profits of the partnership to request notice of the FPAA.  A member of the group of partners must be designated as the one to receive notice, and such information must be provided to the Secretary 30 days prior to the mailing of the FPAA.  Sec. 6223(b)(2) and (a) (flush language).  As specifically stated in the temporary regulations, the request for notice of a 5-percent notice group must include the following information:  (1) Identity of the partnership by name, address, and taxpayer identification number; (2) specific taxable year for which the notice group is formed; (3) a designated member of the group to receive the notices; (4) the name, address, taxpayer identification number, and profits interest of each member of the group; and (5) signatures of all partners comprising the notice group.  Sec. 301.6223(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6783 (Mar. 5, 1987), as amended in 52 Fed. Reg. 9296-01 (Mar. 24, 1987), and 61 Fed. Reg. 37683 (July 19, 1996).

SGE's reliance on the authorization signed by Mr. Hoyt is without merit.  The authorization lacked the necessary

information listed above and was for the purpose of authorizing the disclosure of taxpayer information concerning certain of the Hoyt Farms partnerships, not including Ranch Properties. Nowhere in the Cobb letter, the authorization, or its Exhibits 1 and 2, does a group of partners having in the aggregate a 5-percent or greater interest in Ranch Properties for tax year 1994 request recognition as a notice group or designate one of its members to receive notices on behalf of such group. See sec. 301.6223(b)-1T, Temporary Proced. & Admin. Regs., supra. To the contrary, Exhibit 1 states that Mr. Hoyt had no "authority for authorization" as to "the two Hoyt and Sons Ranch Properties partnerships". To apply such a broad and loose interpretation to these documents, as SGE would have the Court do, would render the specific sections of the Code and regulations useless. Accordingly, because SGE failed to meet any of the requirements to request treatment as a notice group, or as a member or designee of such a group, it is not treated under section 6223(e)(1)(B) as entitled to the notice specified in section 6223(a).

According to the Schedule K-1 issued in connection with Ranch Properties' 1994 partnership return, SGE was a 0.65-percent profit, loss, and ownership holder of Ranch Properties. SGE does not dispute that its stated interest in Ranch Properties is less

than 1 percent. Therefore, SGE's only recourse is to belong to a notice group. As noted above, SGE did not satisfy the statutory or regulatory requirements and does not belong to a notice group. SGE further alleges that Daniel Smith, who, according to the Schedule K-1 of the 1994 partnership return was a 6-percent profit, loss, and ownership holder of Ranch Properties, was a notice partner. Sec. 6223(b). Mr. Smith is not a party to this action before us, and we find SGE's argument irrelevant as to the matter at hand. Whether or not Mr. Smith was afforded proper notice of the FPAA in issue has no bearing on SGE's objection to respondent's motion to dismiss for lack of jurisdiction.

Petitioner also argues that the FPAA notice mailed to the Orovada address was never received by Gary Blackburn, a partner of SGE who is authorized to receive mail at the Orovada address; therefore, the FPAA is invalid. The record shows that the FPAA notice was mailed to the Orovada address by certified mail on August 13, 1998, received on August 15, 1998, and subsequently forwarded to "Hoyt & Sons Fwd Portland OR 97204" on August 17, 1998. Based upon this evidence we find that respondent properly notified the appropriate party, i.e., the designated TMP, at the addresses provided by the partnership on its partnership return. See sec. 6223(a), (b), and (c). Respondent mailed the FPAA to the two addresses shown on Ranch Properties' 1994 return in a good faith effort to notify the partners of Ranch Properties of

the partnership adjustments. See Crowell v. Commissioner, 102 T.C. at 693. Respondent is not responsible for Mr. Hoyt's failure to provide notice or satisfy his obligation under the TEFRA provisions. See sec. 6230(f); Vander Heide v. Commissioner, T.C. Memo. 1996-74.

Finally, petitioner contends that a duty was created which required respondent to mail copies of the FPAA to each of the 116 partners of Ranch Properties because respondent had done so in prior years. We disagree. Respondent satisfied the notice requirement of section 6223(a) by mailing the FPAA by certified mail to the TMP at the two addresses noted in Ranch Properties' 1994 tax return. See Energy Res. Ltd. v. Commissioner, 91 T.C. 913, 914 (1988). The fact that respondent had sent notices to SGE or other partners in prior years is irrelevant. See id. at 917 (The receipt of an FPAA by a less than 1-percent interest partner, who was not a member of a notice group, does not render the partner a notice partner).

Because we concluded above that SGE was neither a notice partner nor a member of a 5-percent group entitled to notice from respondent of the FPAA, it is not necessary to discuss SGE's equitable tolling argument. See id.

Accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal</u>

<u>for lack of jurisdiction will</u>

<u>be entered</u>.