CABLEVISION OF CONNECTICUT, CABLEVISION AREA 9 CORPORATION, FORMERLY SCRIPPS-HOWARD CABLEVISION CORPORATION, AS SUCCESSOR IN INTEREST TO SCRIPPS-HOWARD CABLEVISION CORPORATION, TAX MATTERS PARTNER, [1] Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CABLEVISION OF CONNECTICUT, CHARLES F. DOLAN, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent Cablevision of Connecticut v. Commissioner
Docket Nos. 4218-92, 4381-92
United States Tax Court
T.C. Memo 1993-106; 1993 Tax Ct. Memo LEXIS 107; 65 T.C.M. (CCH) 2147; March 24, 1993, Filed *107 For petitioner: Robert E. Kolek, Daniel L. Kraus, and Bruce D. Haims. For respondent: Halvor Adams and Eileen Shatz. RUWE
RUWE
MEMORANDUM OPINION RUWE, Judge: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [2] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Chief Special Trial Judge: This matter is before the Court on respondent's motions to dismiss for lack of jurisdiction in each of these cases. The issues for decision are: (1) Whether the petition for readjustment filed at docket No. 4218-92 should be dismissed as duplicative of a previously filed petition for readjustment, and (2) whether the petition for readjustment *108 filed by a partner other than the tax matters partner (docket No. 4381-92) pursuant to section 6226(b) should be dismissed because of the prior petition filed by the tax matters partner (docket No. 4217-92) pursuant to section 6226(a). Background
Cablevision of Connecticut (Cablevision or the partnership) is a partnership that is subject to the unified partnership audit and litigation procedures set forth in sections 6221 through 6233. Scripps-Howard Cablevision Corp. (Scripps-Howard) is identified in the Schedule K-1's attached to Cablevision's partnership returns for the years 1983, 1984, 1985, and 1986 as a general partner with a 94.3571-percent interest in the partnership. On January 2, 1987, the stock of Scripps-Howard was acquired by Cablevision Systems Corp. Shortly thereafter, Scripps-Howard's articles of incorporation were amended to change its name to Cablevision Area 9 Corp. (Cablevision Area 9). The Schedule K-1 attached to Cablevision's partnership return for the taxable year 1987 lists Cablevision Area 9 Corp. f.k.a. Scripps-Howard as a general partner with a 94.3572-percent interest in the partnership. Petitioners allege that the partnership return for *109 1987 identifies Cablevision Area 9 as the partnership's tax matters partner. [3]
In 1989, the Internal Revenue Service granted permission to the parties involved in the acquisition of Cablevision Area 9 to make a retroactive election pursuant to section 338(h)(10) with respect to the transaction. [4]
*110 On November 26, 1991, respondent issued a notice of final partnership administrative adjustment (FPAA) to Cablevision for the taxable years 1983, 1984, 1985, 1986, and 1987. On February 26, 1992, Cablevision Area 9 filed two petitions for readjustment with respect to this FPAA. The first petition, at docket No. 4217-92, lists petitioner as "CABLEVISION OF CONNECTICUT, CABLEVISION AREA 9 CORPORATION, F.K.A. SCRIPPS-HOWARD CABLEVISION CORPORATION, TAX MATTERS PARTNER". The second petition, at docket No. 4218-92 (the subject matter of respondent's motion), lists petitioner as "CABLEVISION OF CONNECTICUT, CABLEVISION AREA 9 CORPORATION, FORMERLY SCRIPPS-HOWARD CABLEVISION CORPORATION, AS SUCCESSOR IN INTEREST TO SCRIPPS-HOWARD CABLEVISION CORPORATION, TAX MATTERS PARTNER". On February 28, 1992, a petition at docket No. 4381-92 (also the subject matter of respondent's motion) was filed by Charles F. Dolan (Dolan) as a partner other than the tax matters partner. This petition was filed as a protective measure in the event the two petitions filed by Cablevision Area 9 are ineffective to invoke the jurisdiction of this Court. As previously indicated, respondent filed motions to dismiss *111 with respect to the petitions at docket Nos. 4218-92 and 4381-92. Respondent argues that the petition at docket No. 4218-92 is duplicative of the petition at docket No. 4217-92. Respondent further argues that the petition at docket No. 4381-92 was not properly filed under section 6226(b). Both Cablevision Area 9 and Dolan filed objections to respondent's motions to dismiss. Petitioners contend that it is, at best, unclear which of the three petitions was properly filed so as to invoke the jurisdiction of this Court. Based on these concerns, petitioners maintain that respondent's motions should either be denied or held in abeyance until a final decision is reached as to the merits in the case at docket No. 4217-92. Petitioners contend that they will be prejudiced if respondent's motions are granted and it is later determined that the petition filed in docket No. 4217-92 was not filed by the proper party. Discussion
The tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221 through 6233. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, *112 sec. 402(a), 96 Stat. 648. The parties agree that Cablevision is a partnership that is subject to the TEFRA procedures. Section 6223(a) provides that respondent shall mail to each partner notice of the beginning of an administrative proceeding at the partnership level with respect to a partnership item, as well as the final partnership administrative adjustment resulting from any such proceeding. Section 6226(a) provides that the tax matters partner (TMP) may file a petition for readjustment with this Court within 90 days after the day on which the FPAA is mailed to the TMP. Energy Resources, Ltd, v. Commissioner, 91 T.C. 913, 915 (1988). Section 6226(b)(1) provides that, where the TMP does not file a petition within the 90-day period prescribed in section 6226(a), a notice partner may file a petition for readjustment with this Court within 60 days after the close of the original 90-day period. Id.
The term "tax matters partner" is defined in section 6231(a)(7) as follows: (7) Tax matters partner. -- The tax matters partner of any partnership is -- (A) the general partner designated as the tax matters partner as provided in regulations, *113 or (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).
In sum, the TMP generally is either the general partner designated to act as TMP or the general partner with the largest profits interest in the partnership at the close of the taxable year in question. 1983 Western Reserve Oil & Gas Co. v. Commissioner, 95 T.C. 51, 62 (1990). 1. Respondent's Motion to Dismiss for Lack of Jurisdiction in Docket No. 4218-92
Respondent contends that Cablevision Area 9 is the TMP for the Cablevision partnership for the years 1983 through 1987 by virtue of being the general partner with the largest profits interest at the close of each of those taxable years. Sec. 6231(a)(7)(B). Respondent maintains that the first of the two petitions filed by Cablevision Area 9 should be considered the operative petition and that the later filed petition should be dismissed. Petitioners are concerned that one or both *114 of the petitions filed by Cablevision Area 9 may be determined to have been improperly filed. Specifically, petitioners are concerned that Cablevision Area 9's status as TMP may have terminated pursuant to section 301.6231(a)(7)- 1T(l), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987), as a result of the retroactive section 338(h)(10) election made with respect to the acquisition of Scripps-Howard. Before addressing petitioners' specific concerns, we note that the debate respecting the validity of the two petitions filed by Cablevision Area 9 is largely one of semantics. Except for minor differences in the language used to describe the petitioner in the caption, the petitions are otherwise identical. Both petitions were filed pursuant to section 6226(a)(1). Moreover, the parties do not dispute that Cablevision Area 9 was authorized by the partnership to file the petition in this case. Finally, regardless of the specific language used in the respective captions, there is no question that the petitions were filed by the corporation owning the largest profits interest in the Cablevision partnership during the years before the Court. *115 Given these factors, we do not view the minor differences in the captions of the two petitions filed by Cablevision Area 9 to be determinative as to our jurisdiction in this case. Notably, we have been liberal in the past in permitting such petitions to be amended to reflect the proper petitioner. See Montana Sapphire Associates v. Commissioner, 95 T.C. 477, 483-484 (1990); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 236 (1990); Chomp Associates v. Commissioner, 91 T.C. 1069, 1078 (1988), and cases cited therein. Based on these considerations, we are inclined to grant respondent's motion to dismiss. On the other hand, petitioners raise concerns that Cablevision Area 9's status as TMP may have been terminated by virtue of the retroactive election pursuant to section 338(h)(10). Specifically, petitioners direct the Court's attention to section 301.6231(a)(7)-1T(l)(3), Temporary Proced. & Admin. Regs., supra, which provides in pertinent part: (1) Termination of designation. A designation of a tax matters partner for a taxable year under this section shall remain in *116 effect until -- * * * (3) The liquidation or dissolution of the tax matters partner, if the tax matters partner is an entity,
Petitioners also cite section 1.338(h)(10)-1T(e)(3), Temporary Income Tax Regs., 51 Fed. Reg. 741-01 (Jan. 8, 1986), which provides in pertinent part: (e) Detailed consequences of section 338(h)(10) election. If a section 388(h)(10) election is made, the following consequences apply: * * * (3) Deemed section 332 liquidation for target -- (i) In general. Except as otherwise provided in this section, the target corporation is treated as if (at the close of the acquisition date but after the deemed sale of its assets) it distributed all its assets in a complete liquidation to which section 332 applies.
Respondent takes the position that a section 338(h)(10) election does not terminate a corporation's status as TMP of a partnership. We agree. Neither the pertinent statutory provisions nor their legislative history specifically indicates that an election pursuant to section 338(h)(10) causes the termination of the target corporation's status as TMP under subtitle F. [5] To the contrary, the regulations indicate *117 that an election pursuant to section 338(h)(10) does not affect the target's status under subtitle F. In particular, section 1.338-4T(l)(1), Temporary Income Tax Regs., 51 Fed. Reg. 741-01 (Jan. 8, 1986), states in pertinent part: (1) Miscellaneous matters affecting new T -- (1) Effect of old liabilities. Question: Is new T liable for old T's tax liabilities, including tax liabilities resulting from the deemed sale? Answer: Yes. For purposes of subtitle F of the Internal Revenue Code, new T is treated as a continuation of old T. * * *
Further, section 1.338(h)(10)-1T(e)(8)(ii), Temporary Income Tax Regs., supra, provides that section 1.338-4T(l)(1), Temporary Income Tax Regs., supra, applies to section 338(h)(10) and the regulations thereunder. The concept of a TMP is statutorily created as part of the unified partnership audit and *118 litigation procedures which are intended to provide efficiency, convenience, and economy to the tax system. Chomp Associates v. Commissioner, 91 T.C. 1069, 1074 (1988). Consistent with these policies, and in the absence of an indication in the controlling statutory provisions to the contrary, we conclude that the deemed liquidation that follows from an election pursuant to section 338(h)(10) does not cause a termination of the target corporation's status as TMP for purposes of subtitle F. Accordingly, respondent's motion to dismiss for lack of jurisdiction in docket No. 4218-92 will be granted. 2. Respondent's Motion to Dismiss the Petition at Docket No. 4381-92
Respondent moves to dismiss the petition filed by Dolan as a partner other than the tax matters partner (docket No. 4381-92). Respondent argues that a partner other than the TMP may file a petition for readjustment pursuant to section 6226(b)(1) only if the TMP does not file a petition within the 90-day period prescribed in section 6226(a). Because Cablevision Area 9 filed a timely petition pursuant to section 6226(a), respondent contends that the petition filed by Dolan must be dismissed. *119 We agree. As discussed above, the petition filed by Cablevision Area 9 at docket No. 4217-92 is the proper petition for purposes of these proceedings. Because that petition was properly filed within the 90-day period prescribed in section 6226(a), we lack jurisdiction over the petition filed by Dolan as a partner other than the TMP. Rule 241(d)(3)(D); Transpac Drilling Venture 1982-22 v. Commissioner, 87 T.C. 874, 876 (1986); Cambridge Research and Development Group v. Commissioner, T.C. Memo. 1991-434. Consequently, respondent's motion to dismiss the petition filed by Dolan will be granted. To reflect the foregoing, Appropriate orders will be entered. Footnotes
1. For purposes of opinion, docket Nos. 4218-92 and 4381-92 have been consolidated by order dated Mar. 24, 1993.↩
2. All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. This allegation appears in petitioners' objection to respondent's motions to dismiss. We are unable to verify the point because the partnership return for 1987 is not in the record. Nonetheless, respondent did not interpose an objection to the allegation when given the opportunity to do so.↩
4. Sec. 338(a) allows a corporation that acquires another corporation through a qualified stock purchase to elect to treat the purchase as having been effected by an asset purchase. See Bittker & Lokken, Federal Taxation of Income, Estates and Gifts, par. 93.8.2, at 93-71 (2d ed. 1991). This treatment enables the target corporation to step up its basis in its assets without actually undergoing a liquidation. Sec. 338(a) provides in pertinent part: (a) * * * For purposes of this subtitle * * * the target corporation -- (1) shall be treated as having sold all of its assets at the close of the acquisition date at fair market value in a single transaction, and (2) shall be treated as a new corporation which purchased all of the assets referred to in paragraph (1) as of the beginning of the day after the acquisition date.
When the target corporation is a member of a consolidated group, sec. 338(h)(10) and the regulations thereunder allow for an election in conjunction with the sec. 338 election for the target whereby: (1) The target is deemed to have sold all its assets while still a member of the consolidated group; and (2) no gains or losses are recognized on the sale of the stock. Sec. 1.338(h)(10)-1T(e), Temporary Income Tax Regs., 51 Fed. Reg. 741-01 (Jan. 8, 1986); Bittker & Lokken, supra↩, par. 93.8.2, at 93-76.
5. Secs. 6221 through 6233, which contain the unified partnership and audit litigation procedures, are part of subtitle F.↩