IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60813

Summary Calendar

_____

COLUMBIA/ST DAVID'S HEALTHCARE SYSTEM LP; ET AL


                                        Petitioners

ST DAVID'S HEALTHCARE SYSTEM, INC


                                        Petitioner-Appellant

        v.

COMMISSIONER OF INTERNAL REVENUE


                                        Respondent-Appellee

_____

Appeal from the Decision of the
United States Tax Court
(7005-00)
_____

June 19, 2001

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Petitioner-Appellant St. David's Health Care System, Inc. appeals from the Tax Court's judgment, which granted Respondent-Appellee the Commissioner of Internal Revenue's motion to dismiss for lack of jurisdiction. For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

Petitioner-Appellant St. David's Health Care System, Inc. ("St. David's"), a not-for-profit corporation, is a partner in Columbia/St. David's Healthcare System, L.P. (the "Partnership"). The Partnership was formed for the purpose of owning and operating hospitals and related health care facilities in Austin, Texas. St. David's is a notice partner in the Partnership, as defined by § 6231(a)(8) of the Internal Revenue Code (the "Code"). See I.R.C. § 6231(a)(8) (2000).[1] Round Rock Hospital, Inc. ("Round Rock") is also a member of the Partnership and is the Tax Matters Partner (the "TMP"). As the TMP, Round Rock is the primary liaison between the Partnership and the Internal Revenue Service (the "IRS") on all tax matters relating to the Partnership. See id. § 6231(a)(7).[2]

---

[1] Section 6231(a)(8) defines a "notice partner" as "a partner who, at the time in question, would be entitled to notice under subsection (a) of section 6223." I.R.C. § 6231(a)(8).

[2] Section 6231(a)(7) provides in relevant part:

The tax matters partner of any partnership is--
(A) the general partner designated as the tax matters partner as provided in regulations, or
(B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the

2

On December 31, 1996, the Partnership's taxable year for 1996 ended, and the Partnership timely filed its 1996 tax return with the IRS. The IRS audited the return during the years of 1998 through 2000. On January 27, 2000, the IRS issued to the TMP a notice of final partnership administrative adjustment ("FPAA"), which, as required under the Code, was then delivered to all notice partners of the Partnership, including St. David's. See I.R.C. § 6223(a). The FPAA made adjustments to several partnership items contained within the Partnership's 1996 return. One of the adjustments was an increase in the Partnership's taxable income in the amount of $14,445,441, which resulted from the disallowance of a bad-debt deduction with respect to St. David's precontribution allowance for bad debts. A second adjustment was a $1,995,335 modification to a disguised sale.

Section 6226(a)(1) of the Code provides that, within ninety days of the date on which a notice of FPAA is mailed to the TMP, the TMP "may file a petition for a readjustment of the partnership items for such taxable year" with the Tax Court, the appropriate district court, or the Court of Federal Claims. See I.R.C. § 6226(a)(1). On April 25, 2000, the TMP filed such a petition for readjustment, seeking readjustment of the IRS's

---

taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

I.R.C. § 6231(a)(7).

disguised sale adjustment.  Then, on June 22, 2000, St. David's, as a notice partner, filed a separate petition for readjustment in the Tax Court, seeking readjustment with respect to the bad-debt deduction.

The Respondent-Appellant the Commissioner of Internal Revenue (the "Commissioner") filed a motion to dismiss the readjustment petition filed by St. David's, arguing that the Tax Court lacked jurisdiction over the petition because of the TMP's previously filed petition, which concerned the same FPAA.  The Tax Court granted the Commissioner's motion to dismiss.

St. David's timely appealed.

## II. STANDARD OF REVIEW

We review a decision of the Tax Court by applying the same standards employed in reviewing a decision of a district court in civil actions tried without a jury.  See Street v. Commissioner, 152 F.3d 482, 484 (5th Cir. 1998); see also I.R.C. § 7482. Accordingly, we review the Tax Court's grant of a motion to dismiss for lack of subject-matter jurisdiction de novo.  See Rodriquez v. Texas Comm'n on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); EP Operating Ltd. P'ship v. Placid Oil Co., 26 F.3d 563, 566 (5th Cir. 1994).  We must take as true all of the complaint's uncontroverted factual allegations, see Saraw P'ship v. United States, 67 F.3d 567, 569 (5th Cir. 1995), and will affirm the dismissal if "'the court lacks the statutory or

4

constitutional power to adjudicate the case.'"  Home Builders Ass'n v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).

## III. THE TAX COURT DID NOT HAVE JURISDICTION TO HEAR THE READJUSTMENT PETITION FILED BY ST. DAVID'S

The issue before us on appeal is whether St. David's, as a partner other than the TMP, was entitled to file and adjudicate a readjustment petition contesting the IRS's adjustment of partnership items in a FPAA after the TMP had previously filed a readjustment petition concerning the same FPAA.  St. David's argues that it is entitled to file such a petition because its petition concerned readjustment of a partnership item unrelated to the partnership item contested in the TMP's petition.  The Tax Court held that "because a valid, timely petition was previously filed by the tax matters partner," the court had no jurisdiction over the readjustment petition filed by St. David's.  We agree and also conclude, as did the Tax Court, that the readjustment requested by St. David's may be "addressed in the unified TEFRA partnership proceedings" already pending before the Tax Court.

### A. The Statutory Framework

To simplify procedures for determining the tax liability of the individual partners of a partnership, in the Tax Equity and Fiscal Responsibility Act of 1982 (the "TEFRA"), Congress added

5

sections 6221 through 6232 to the Code.  See Pub. L. No. 97-248, § 402, 96 Stat. 324 (1982); see also Transpac Drilling Venture, 1983-63 v. Crestwood Hosps., Inc., 16 F.3d 383, 387 (Fed. Cir. 1994).  These sections were added so that the tax treatment of certain partnership items, such as income, loss, deductions, and credits, would be "determined at the partnership level in a unified proceeding rather than in separate proceedings with the partners."  H.R. CONF. REP. NO. 97-760, at 600 (1982), reprinted in 1982 U.S.C.C.A.N. 1190, 1372; see also Brookes v. United States, 20 Ct. Cl. 733, 737 (1990).

Pursuant to the TEFRA, the IRS is required to give partners notice once it begins an administrative proceeding relating to a partnership item.  See I.R.C. § 6223(a)(1).  If the administrative proceeding results in any adjustments to partnership items, the IRS is to mail to the TMP a notice of FPAA.  See id. § 6223(a)(2), (d).  As mentioned supra in Part I, within ninety days after the day on which a notice of FPAA is mailed to the TMP, the TMP may file a "petition for readjustment of the partnership items" with the Tax Court, an appropriate district court, or the Court of Federal Claims.  See id. § 6226(a).[3]  If the TMP fails to file a readjustment petition

_____

[3]  Section 6226(a) states:

Petition by tax matters partner.--Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition

6

within those ninety days, however, § 6226(b) permits a partner other than the TMP to file such a petition. See I.R.C. § 6226(b).[4]

If an action is brought under either subsection (a) or subsection (b) of § 6226, "each person who was a partner in such partnership at any time during such year shall be treated as a party, and . . . the court having jurisdiction of such action shall allow each such person to participate in the action." I.R.C. § 6226(c). Any partner who satisfies the requirements of § 6226(d) "may participate in the action by filing a notice of election to participate with the Court." TAX CT. R. 245(b). Moreover, that partner may file an amendment to the TMP's

_____

> for a readjustment of the partnership items for such taxable year with--
> (1) the Tax Court,
> (2) the district court of the United States for the district in which the partnership's principal place of business is located, or
> (3) the Court of Federal Claims.

I.R.C. § 6226(a).

[4] Section 6226(b) provides:

> Petition by partner other than tax matters partner . . . If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

I.R.C. § 6226(b).

7

petition in order to seek readjustment of other partnership items that were designated in the FPAA, but were not contested by the TMP. See id. R. 245(e). These procedures, i.e., permitting a partner to elect to participate as a party to the TMP's action and to file an amendment to the TMP's petition, act to "meet[] TEFRA's objective of ensuring that all partners may . . . litigate a dispute with the IRS in a single proceeding." Chimblo v. Commissioner, 177 F.3d 119, 121 (2d Cir. 1999) (second alteration in original) (internal quotations and citations omitted), cert. denied, 528 U.S. 1154 (2000).

## B. Analysis

St. David's argues that because the TMP did not file its readjustment petition to readjust "every" partnership item listed in the FPAA, St. David's was permitted to file its own readjustment petition with the Tax Court. Specifically, St. David's asserts that it was entitled to file a petition to readjust the bad-debt adjustment because the TMP failed to contest that adjustment in its petition. The argument advocated by St. David's hinges on the meaning of the term "any" contained in § 6226(b), which permits a notice partner to file a readjustment petition "[i]f the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment." I.R.C. § 6226(b) (emphasis added). St. David's relies on the dictionary definition of the term "any" and contends that, in the context of

8

§ 6226(b), the term "any" should actually mean "every."  Such an interpretation, argues St. David's, would require the TMP to file a readjustment petition contesting every adjustment listed in the FPAA before a partner (other than the TMP) would be precluded from filing a separate petition.  We disagree with this interpretation for two reasons.

*1. Reason One: The Law Regarding Subsequently Filed Petitions*

*When the TMP Has Previously Filed*

First, the Tax Court, as an Article I court, possesses jurisdiction to adjudicate controversies only as Congress has expressly provided in the Code.  See I.R.C. § 7442; see also In re Grand Jury Proceedings, 687 F.2d 1079, 1097 (7th Cir 1982).  The Tax Court's jurisdictional power to review a FPAA is primarily found in § 6226.[5]  See I.R.C. § 6226(f) ("A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of [FPAA] relates[.]").  Under § 6226(b), the Tax Court has jurisdiction over a notice partner's petition filed after the ninety-day period for TMP filing, only if the TMP failed to file within the ninety-day period prescribed in § 6226(a).  See I.R.C. § 6226(b) ("If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any

_____

[5]  See supra notes 3 & 4.

9

final partnership administrative adjustment, [then] any notice partner . . . may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment[.]").  As such, it is well established that the Tax Court "lack[s] jurisdiction over petitions for readjustment of partnership items filed by notice partners in the presence of earlier, valid petitions filed by [the TMP]."  Cambridge Research & Dev. Group v. Commissioner, 62 T.C.M. (CCH) 654, 654 (1991); see also Transpac Drilling Venture, 1983-2 v. United States, 83 F.3d 1410, 1412 (Fed. Cir. 1996); Transpac Drilling Venture, 1983-63 v. United States, 26 Ct. Cl. 1245, 1247 (1992); Brookes, 20 Ct. Cl. at 737; Cablevision of Conn. v. Commissioner, 65 T.C.M. (CCH) 2147, 2149, 2150 (1993).

St. David's attempts to distinguish some of these cases by asserting that the items contested in the TMP petitions in those cases were the same as those challenged in the subsequently filed petitions.  St. David's argues that because the adjustment contested by St. David's is not duplicative of that contested by the TMP in this case, St. David's should be permitted to file a separate petition.  This argument does not alter the fact that these cases speak in terms of filing a "petition" and do not distinguish among the different types of adjustments contained within the FPAA.  See Transpac Drilling Venture, 1983-63, 26 Ct. Cl. at 1247 ("[Section] 6226(b) permits others to file a petition within 60 days following the expiration of the original 90 day

10

period if the TMP failed to file a readjustment <u>petition</u> within that time." (emphasis added)); <u>Brookes</u>, 20 Ct. Cl. at 737 ("[The TMP's petition] was filed within the 90-day period during which only the tax matters partner may file a <u>petition</u>, and the tax matters partner did in fact file, thereby terminating any right in plaintiffs to do so." (emphasis added)); <u>Cablevision of Conn.</u>, 65 T.C.M. (CCH) at 2150 (agreeing that "[b]ecause [the TMP] filed a timely <u>petition</u> pursuant to section 6226(a), . . . the petition filed by Dolan must be dismissed" (emphasis added)); <u>Cambridge Research & Dev. Group</u>, 62 T.C.M. (CCH) at 654 ("We lack jurisdiction over petitions for readjustment of partnership items filed by notice partners in the presence of earlier, valid <u>petitions</u> filed by tax matters partners." (emphasis added)); <u>see also</u> H.R. CONF. REP. No. 97-760, at 603 (1982), <u>reprinted in</u> 1982 U.S.C.C.A.N. 1190, 1375 ("If the TMP does not file a <u>petition</u>, any notice partner or 5-percent group with an interest in the outcome may within 60 days following such 90-day period, file a petition with any of the courts in which the TMP may file a petition." (emphasis added)); <u>cf.</u> TAX CT. R. 241(d)(3)(D) (requiring a separate numbered paragraph in a partner's (other than a TMP) petition for readjustment to state that "the tax matters partner has not filed a <u>petition</u> for readjustment of partnership items within the period specified in Code Section 6226(a)" (emphasis added)).

We conclude that these cases demonstrate that when the TMP has filed a valid and timely readjustment <u>petition</u> within the ninety-day time period established by the Code, <u>see</u> I.R.C. § 6226(a), any other partner is precluded from filing a separate petition, even if the TMP's petition seeks readjustment of only some of the partnership items contained within the FPAA.[6]

_____

[6] In their interpretations of the phrase "with respect to any final partnership administrative adjustment" in § 6226(b), the parties are concerned only with the meaning of the term "any." We note, however, that proper interpretation of this phrase may not, in fact, turn on the term "any" and may, instead, hinge on the meaning of a "final partnership administrative adjustment." Both parties seem to regard a "final partnership administrative adjustment" as a single adjustment to a partnership item, which would then be listed in the notice of FPAA along with other FPAAs. Therefore, under either party's interpretation, a notice of FPAA could contain <u>several FPAAs</u>.
    Although the Code and its implementing regulations apparently contain no explicit definition of a "final partnership administrative adjustment," it appears that a FPAA is actually one <u>document</u> that may contain adjustments for <u>several partnership items</u>. <u>See, e.g.</u>, I.R.C. § 6226(e)(1) ("A readjustment petition under this section may be filed . . . only if the partner filing the petition deposits with the Secretary . . . the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of <u>partnership items</u> on the partnership return, <u>as adjusted by the final partnership administrative adjustment</u>." (emphasis added)); <u>id.</u> § 6226(f) ("A court with which a petition is filed in accordance with this section shall have jurisdiction to determine <u>all partnership items of the partnership</u> . . . <u>to which the notice of final partnership administrative adjustment relates</u>[.]" (emphasis added); <u>see also, e.g.</u>, <u>id.</u> § 6223(a)(2) (requiring notice of "<u>the</u> final partnership administrative adjustment resulting from [the administrative] proceeding" (emphasis added)). Accordingly, we believe that it may be better to read the phrase "any final partnership administrative adjustment" in § 6226(b) to refer to the single document that results from the administrative proceeding contemplated in § 6223 and § 6224 of the Code. If this is the proper reading of the section, then because the TMP filed a readjustment petition that challenged certain partnership

12

## 2. Reason Two: The TEFRA's Purpose of a Unified Proceeding and the Protection of the Partners' Interests

Our second reason for disagreeing with the interpretation advanced by St. David's is that such an interpretation would undermine the purposes behind the TEFRA.  As discussed <u>supra</u> in the text, the TEFRA was enacted to provide for a unified proceeding to handle the tax matters of the individual partners of a partnership, rather than allowing for several separate proceedings with the partners.  <u>See</u> H.R. CONF. REP. NO. 97-760, at 600 (1982), <u>reprinted in</u> 1982 U.S.C.C.A.N. 1190, 1372.  To permit St. David's to file a separate petition (thus generating a separate proceeding) while the TMP's petition is already pending in front of the Tax Court is at odds with this stated purpose.  Instead, contrary to the argument by St. David's that it will be without an adequate remedy, St. David's, as a notice partner in the Partnership, will be able to participate in the single proceeding that is already pending before the Tax Court, as contemplated by the TEFRA.  <u>See</u> <u>Chimblo</u>, 177 F.3d at 121 ("Any partner with an interest in the outcome of the proceeding [is]

---

item adjustments contained in the FPAA for the Partnership's 1996 taxable year, it filed as to "any" FPAA.

Although we do not speak to which interpretation is correct, we make this point only to show that the parties' focus on the word "any" may be misplaced.  But regardless of how the statute is read, the rule stated in the text above is not altered, and the result is the same no matter which interpretation is employed.

13

entitled to participate in an action brought by the tax matters partner or a notice partner, thereby meeting TEFRA's objective of ensuring that all partners may . . . litigate a dispute with the IRS in a single proceeding." (alterations in original) (internal quotations and citations omitted)); see also Davenport Recycling Assocs. v. Commissioner, 220 F.3d 1255, 1257 n.6 (11th Cir. 2000) (same). Moreover, interested notice partners, like St. David's, may file an amendment to a TMP's petition to assert readjustment of partnership items not covered by that petition. See TAX. CT. R. 245(b), (e). In fact, on July 20, 2000, St. David's did just that, making it a party to the pending readjustment action. By electing to participate and amending the TMP's petition to contest the bad-debt adjustment, St. David's has ensured that its interests will be protected.[7]

In sum, it is undisputed that the TMP filed a readjustment petition challenging the FPAA issued with respect to the

---

[7] The assertion by St. David's that it does not know "where [it will] be left" after the TMP settles and "folds its tent and slips away" is without merit. Once a partnership action has been filed with the Tax Court and after St. David's has elected to participate in the proceeding, St. David's becomes a party to the action and must agree to any subsequent settlement agreement. See I.R.C. § 6226(c)(1) ("[E]ach person who was a partner in such partnership at any time during [the partnership taxable year] shall be treated as a party to such action[.]" (emphasis added)); see also TAX CT. R. 248(b), (c) (entitled "Settlement agreements" and providing that the partners participating in the action must enter into the agreement or must not object to Commissioner's motion for entry of decision by the court). Moreover, St. David's has the right to seek judicial review of the Tax Court's decision. See I.R.C. § 6226(g).

14

Partnership's 1996 taxable year, and the separate petition filed by St. David's related to the same FPAA.  Accordingly, the Tax Court correctly dismissed the petition filed by St. David's because it lacked jurisdiction to hear the case.

## IV. CONCLUSION

For the foregoing reasons, the Tax Court's judgment granting the Respondent-Appellee's motion to dismiss for lack of jurisdiction is AFFIRMED.

15